**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL K. ZLOMSOWITCH, *as Administrator of the Estate of* WALTER J. ZLOMSOWITCH,<br><br>    Plaintiff,<br><br>    v.<br><br>EAST PENN TOWNSHIP, ALVIN W. BEISHLINE, JR., and HERB TRUHE,<br><br>    Defendants. | CIVIL ACTION NO. 3:11-CV-2131<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). As Plaintiff properly stated claims for individual and municipal liability under 42 U.S.C. § 1983, and it is premature to determine the issue of qualified immunity, the motion will be denied in part. But because Plaintiff failed to allege all the elements of a Pennsylvania malicious prosecution claim, the motion will be granted in part. Further, Plaintiff's abuse of process claim will be dismissed based on Plaintiff's request.

### **I. Background**

The facts as alleged in the complaint are as follows:

Walter Zlomsowitch, now deceased, was a regular attendee of public meetings in the Defendant municipality of East Penn Township, Pennsylvania. At many of the meetings in early 2010, Mr. Zlomsowitch spoke out against the forfeiture of a $62,000 grant to pave a local street, Eidem Road, with blacktop. Eidem Road adjoins the property of Defendant Herb Truhe, the Chairman of the East Penn Township Board of Supervisors and the Police

Administrator and Liaison Supervisor of the East Penn Township Police Department.

On about February 1, 2011, Mr. Zlomsowitch attended a public meeting at the East Penn Social Hall. Mr. Truhe had brought police officers to the meeting in order to create an atmosphere where people were afraid to speak out. Approximately eleven minutes into the meeting, Mr. Truhe took the floor and addressed Mr. Zlomsowitch. Mr. Zlomsowitch attempted to respond, and Mr. Truhe said, "I'm talking." "Go ahead," responded Mr. Zlomsowitch. Mr. Truhe then stated, "You're going to listen to me." Again, Mr. Zlomsowitch replied, "Go ahead." Mr. Truhe then spoke for a minute or so about the lack of funds in east Penn Township.

Mr. Zlomsowitch began to respond to Mr. Truhe's statements, but Mr. Truhe stated, "I'm talking. I got the floor. I got the floor. Walter, quiet. Officer, could you remove this man from the meeting please? Take him out of here, please." Mr. Zlomsowitch then said, "You've got to be kidding me." Mr. Truhe responded, "I'm not kidding, Walter. You don't want to hear the truth; all you do is put us down." Mr. Zlomsowitch spoke again, criticizing the forfeiture of the Eidem Road grant. Mr. Truhe said, "Walter, that's it, out."

At that point, Defendant Alvin Beishline, Jr., a sergeant with the East Penn Police Department, escorted Mr. Zlomsowitch from the room. Mr. Zlomsowitch did not resist, and Sergeant Beishline apologized to him for having to eject him.

Although there was no legal basis for it, Mr. Truhe ordered Sergeant Beishline to file a criminal charge against Mr. Zlomsowitch. On about February 4, 2010, Mr. Zlomsowitch received a citation by certified mail charging him with disorderly conduct pursuant to 18 P.S. § 5503(a)(1) based on his conduct at the meeting. A conviction under that statute carries a penalty of up to ninety days incarceration and a $300 fine. None of the factual allegations

2

in the citation constituted disorderly conduct.

Mr. Zlomsowitch pled not guilty and hired a lawyer to represent him. At his hearing on April 1, 2010, the magistrate found him guilty. Mr. Zlomsowitch appealed the verdict, but five days before his scheduled court date in October 2010, the Commonwealth of Pennsylvania withdrew the charges against him. Mr. Zlomsowitch died on November 30, 2010, after spending the last few months of his life fighting the charges.

Plaintiff Carol Zlomsowitch, the widow of Mr. Zlomsowitch and the administrator of his estate, filed a complaint against the Defendants on November 14, 2011. The complaint contains four counts: (1) a 42 U.S.C. § 1983 claim against the individual Defendants, alleging violations of Mr. Zlomsowitch's First Amendment rights; (2) a malicious prosecution claim against all Defendants; (3) a § 1983 claim against Defendant East Penn Township, alleging that the Township's policies and/or customs facilitated the violation of Mr. Zlomsowitch's First Amendment rights; and (4) an abuse of process claim against all Defendants. Ms. Zlomsowitch seeks compensatory and punitive damages, as well as attorneys' fees. Defendants moved to dismiss on February 6, 2012. The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element,

3

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).   Under Rule 12(b)(6), a dismissal based on the statute of limitations is appropriate only where the untimeliness of the claim is clear on the face of the complaint. *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168 (3d Cir. 1978) (citations omitted).

### III. Discussion

**A. Immunity**

Defendants move to dismiss the claims against Mr. Truhe and Sergeant Beishline based on two assertions of immunity. First, they argue that Sergeant Beishline is protected by the doctrine of qualified immunity. Second, they argue that all Defendants are immune under the Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), 42 Pa. Cons.

4

Stat. Ann. § 8541 *et seq*.

### 1. Qualified Immunity

Under the doctrine of qualified immunity, government officials are immune from suit for damages where their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (internal quotations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects government officials whether they have made a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Id.* To determine whether qualified immunity applies, a court must examine "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232 (internal citations omitted). A court may exercise its discretion in choosing which prong to address first, considering the circumstances of the particular case. *Id.* at 236.

Because there are disputed issues of fact regarding Sergeant Beishline's actions, it is not appropriate to decide the issue of qualified immunity at this stage. Because the privilege is "an immunity from suit rather than a mere defense to liability," *Pearson v. Callahan*, 555 U.S. 223, 237 (2009), courts should address the issue of qualified immunity "at the earliest possible stages of litigation," *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 242 n.7 (3d Cir. 2008). But "[a] decision on qualified immunity will be premature when there are unresolved disputes of historical facts relevant to the immunity analysis." *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002). Here, Defendants argue that Sergeant Beishline had probable cause to arrest Mr. Zlomsowitch. Ms. Zlomsowitch, on the other hand, claims that

Sergeant Beishline acted in bad faith by arresting her husband even though he was not engaging in disorderly conduct. Because there is a disputed issue of fact material to the qualified immunity determination, Defendants' motion to dismiss will be denied. This ruling will be without prejudice to the Defendants' ability to raise the argument again on a later motion.

**2. Pennsylvania Political Subdivision Torts Claims Act**

The state tort law claims will be dismissed against the Township because it is immune from suit under the PPSTCA. The PPSTCA makes local agencies immune from state law tort claims (with a few exceptions not applicable here).[1] 42 Pa. Cons. Stat. Ann. §§ 8541-42. East Penn Township qualifies as a local agency under the PPSTCA. *See id.* § 8501. Therefore, it has immunity under the statute.

Mr. Truhe and Sergeant Beishline, however, are not protected by immunity. The PPSTCA grants municipal employees the same immunity as agencies, *id.* § 8545, except that employees are liable for their conduct if it amounted to "actual malice" or "willful misconduct," *id.* § 8550. The Pennsylvania Supreme Court has generally held that "the term 'willful misconduct' is synonymous with the term 'intentional tort.'" *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (quoting *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994)). Because Ms. Zlomsowitch alleges intentional torts against the individual

---

[1] The PPSTCA's exceptions allow liability against agencies for: (1) the operation of a motor vehicle in the possession or control of a local agency; (2) the care, custody or control of personal property in the possession or control of a local agency; (3) the care, custody or control of real property; (4) a dangerous condition created by trees, traffic controls, or street lights; (5) a dangerous condition of utility service facilities; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; (8) the care, custody or control of animals in possession or control of a local agency. 42 Pa. Cons. Stat. Ann. § 8542.

Defendants, they are not protected by the PPSTCA. Therefore, the state tort claims against them cannot be dismissed on immunity grounds.

**B. Section 1983**

Defendants move to dismiss Ms. Zlomsowitch's § 1983 claim for two reasons. First, they argue that the complaint pleads insufficient facts to state a claim. Second, they argue that it fails to establish municipal liability.

Plaintiffs' § 1983 claim will not be dismissed for failure to state a claim because it satisfies the pleading standard under Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege: (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). Defendants argue that the complaint here does not contain sufficient factual allegations to comply with *Iqbal*, 129 S. Ct. at 1950. However, excluding all legal conclusions, the complaint alleges that two government officials expelled Mr. Zlomsowitch from a public meeting and then prosecuted him for disorderly conduct in order to prevent him from speaking out at a public meeting. These are sufficient factual allegations to state a claim under § 1983. Defendants cite to *Veteto v. Miller*, 829 F. Supp. 1486, 1494 (M.D. Pa. 1992), for the proposition that a civil rights plaintiff must particularly

---

[2] Section 1983 states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

allege the time, place, and persons responsible for the alleged constitutional deprivation. The use of this standard, however, was foreclosed by the Supreme Court's holding in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit* that federal courts may not apply a "heightened pleading standard" to civil rights cases. *See* 507 U.S. 163, 168 (1993). Further, even if the heightened pleading standard was applied, the complaint states with specificity the time, place, and persons involved in the alleged deprivation of Mr. Zlomsowitch's rights. Because the § 1983 claim was sufficiently pled, it will not be dismissed.

Defendants' challenge to the municipal liability claim also fails. The Supreme Court determined in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692 (1978), that a municipality or other local government may be subject to liability under § 1983. But local governments "are responsible only for their *own* illegal acts"; they cannot be held vicariously liable under § 1983 for their employees' actions. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Thus, to establish municipal liability under § 1983, a plaintiff must prove that "action pursuant to official municipal policy" caused his injury. *Monell*, 436 U.S. at 691. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. Here, Ms. Zlomsowitch alleges that Mr. Truhe is the highest ranking official supervising the police department, and thus is a policymaking official for the Township. Taking the complaint's allegations as true, Ms. Zlomsowitch has sufficiently alleged that Mr. Truhe's actions would constitute official municipal policy.

Defendants argue that municipal liability cannot attach based on a single, isolated

instance, but this is a misinterpretation of the Supreme Court's holding in *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997). In *Bryan County*, the Supreme Court held that a plaintiff cannot establish municipal liability based on a policymaker's "single decision, not itself representing a violation of federal law," without a showing of deliberate indifference to prove that the decision was the "moving force" behind the alleged injury. *Id.* at 408-11. This case, however, involves an alleged decision by a policymaker to arrest a citizen in bad faith, an action that itself represents a violation of federal law. Thus, the *Bryan County* standard does not apply here. *See Jones v. Indiana Area Sch. Dist.*, 397 F. Supp. 2d 628, 657 (W.D. Pa. 2005) (rejecting use of "moving force" argument where policymaker's single decision was allegedly unlawful). Since *Bryan County*, the Third Circuit has affirmed that "municipal liability may be imposed for a single decision by municipal policymakers." *See McGreevy v. Stroup*, 413 F.3d 359, 367-78 (3d Cir. 2005). For these reasons, Ms. Zlomsowitch has properly stated a claim for municipal liability under § 1983.

**C. Malicious Prosecution**

Defendants' motion to dismiss the state law tort claim for malicious prosecution will be granted.  To state a claim for malicious prosecution under Pennsylvania law, a plaintiff must allege that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Kelly v. Gen'l Teamsters, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988). Defendants argue that Ms. Zlomsowitch cannot show a lack of probable cause because a magistrate convicted Mr. Zlomsowitch on the disorderly conduct charge. Generally, the

9

common law rule dictates that "[t]he conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." Restatement (Second) of Torts § 667 (1977). Ms. Zlomsowitch cites to *Montgomery v. De Simone*, 159 F.3d 120, 125 (3d Cir. 1998), arguing that the Third Circuit does not recognize the Restatement rule. But the Third Circuit's holding in *Montgomery* only barred the use of the Restatement rule in malicious prosecution actions under § 1983. *See* 159 F.3d at 125. Further, common law torts like malicious prosecution are governed by state law, and Pennsylvania recognizes the Restatement rule, *see McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa. Commw. Ct. 1997) ("[U]nder the present state of Pennsylvania law, probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction."). Because Mr. Zlomsowitch does not allege that his conviction was obtained by corruption, the conviction establishes the existence of probable cause for the purpose of making a claim for malicious prosecution under Pennsylvania law. Therefore, Count Two of the complaint fails to state a claim and will be dismissed.

**D. Abuse of Process**

Defendants also challenged the sufficiency of Ms. Zlomsowitch's abuse of process claim, but Ms. Zlomsowitch has voluntarily withdrawn it. Thus, this claim will be dismissed.

**E. Damages**

Defendants' motion to dismiss the complaint on the grounds that Ms. Zlomsowitch made no specific allegations of damages will be denied. General damages, which are "those elements of injury that are proximate and foreseeable consequences of the defendant's conduct," may be "alleged without particularity under Rule 8(a)." 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1310 (3d ed. 1998) (citing *United*

*States ex rel. Nourse v. Light*, 3 F.R.D. 3 (M.D. Pa. 1943)). Special damages, on the other hand, "must be specifically stated." Fed. R. Civ. P. 9(g). "Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct." Wright et al., *supra*, § 1310. Here, Ms. Zlomsowitch's complaint alleges that Mr. Zlomsowitch hired an attorney and spent many months of his life fighting the disorderly conduct charge. These damages are foreseeable consequences of the Defendants' alleged conduct, and thus constitute general damages that may be alleged without particularity. The complaint's short and plain statement regarding Mr. Zlomsowitch's damages is sufficient under Rule 8(a), so the complaint will not be dismissed. Further, Ms. Zlomsowitch need not file a more definite statement, as was alternatively requested by the Defendants.

**F. Punitive Damages**

Defendants' motion to dismiss Ms. Zlomsowitch's punitive damages claims will be denied. Defendants correctly argue that § 1983 plaintiffs may not bring punitive damages claims against municipalities, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), or individual defendants in their official capacities, *Gregory v. Chehi*, 843 F.2d 111, 119 (3d Cir. 1988). Ms. Zlomsowitch clarifies, however, that she does not seek punitive damages against the Township and only seeks punitive damages against Mr. Truhe and Sergeant Beishline in their individual capacities. Further, Ms. Zlomsowitch has satisfied the standard for pleading punitive damages. Under § 1983, a jury may assess punitive damages "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[3] *Smith v. Wade*, 461 U.S. 30, 56 (1983). In the context of punitive damages in civil

---

[3] Defendants misstate the proper standard for punitive damages as conduct "outrageous and so extreme in degree, as to go beyond all possible bounds of decency,

rights cases, the term "'reckless indifference' refer[s] not to the egregiousness of the [defendant's] conduct, but rather to the [defendant's] knowledge that it may be acting in violation of federal law." *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) (quoting *Kolstad v. Amer. Dental Ass'n*, 572 U.S. 526, 535 (1999)). Here, the complaint asserts that Mr. Truhe and Sergeant Beishline expelled Mr. Zlomsowitch from a public meeting to silence his speech about the Eidem Road grant and then arrested him without probable cause. Taking these allegations as true, the complaint demonstrates a reckless indifference to Mr. Zlomsowitch's rights. Therefore, the punitive damages claims will not be dismissed.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss will be granted in part and denied in part. An appropriate order follows.

| | |
|---|---|
| May 3, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

and to be regarded as atrocious, and utterly intolerable in a civilized community." Defs.' Br. in Supp. 6 (quoting *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 278 (3d Cir. 1985)). The "outrageous" standard actually applies to intentional infliction of emotional distress, not punitive damages. *See Wisniewski*, 759 F.2d at 278.